UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 5:22-cr-244-BMB |
| Plaintiff, | ) | |
| | ) | Cleveland, Ohio |
| vs. | ) | Wednesday, August 10, 2022 |
| | ) | 1:02 p.m., Courtroom 15B |
| CALVIN ROGERS, | ) | |
| | ) | CHANGE OF PLEA HEARING |
| Defendant. | ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE BRIDGET MEEHAN BRENNAN,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:

      OFFICE OF THE U.S. ATTORNEY - CLEVELAND
      BY:  PAYUM DOROODIAN, AUSA
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3739

(Appearances continued on Page 2)

COURT REPORTER:

      Heather K. Newman, RMR, CRR
      U.S. District Court, Northern District of Ohio
      801 West Superior Avenue, Court Reporters 7-189
      Cleveland, OH 44113
      (216) 357-7035 or heather_newman@ohnd.uscourts.gov

Proceedings reported by machine shorthand; transcript
produced by computer-aided transcription.

1    APPEARANCES CONTINUED:

2    For the Defendant:

3         OFFICE OF THE FEDERAL PUBLIC DEFENDER - CLEVELAND
          BY:  JEFFREY B. LAZARUS, AFPD
4         1660 West Second Street
          750 Skylight Office Tower
5         Cleveland, OH 44113
          (216) 522-4856

6

7                         *   *   *   *   *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          CLEVELAND, OHIO; WEDNESDAY, AUGUST 10, 2022; 1:02 P.M.

2                              --oOo--

3                      P R O C E E D I N G S

4              COURTROOM DEPUTY:  All rise.

5          This United States District Court is now open for the

6     transaction of business.  The Honorable Judge Bridget Meehan

7     Brennan presiding.

8          All persons that have business before this Court shall

9     draw near, give attention, and they shall be heard.

10          God save the United States of America and this

11     honorable court.

12              THE COURT:  Please be seated.

13          All right.  We are on the record and here today in the

14     matter of United States of America vs. Calvin R. Rogers,

15     Case Number 5:22-cr-244.

16          Counsel for the government, will you please state your

17     appearance?

18              MR. DOROODIAN:  Good afternoon, Your Honor, I

19     am Payum Doroodian here on behalf of the United States.

20              THE COURT:  Thank you.

21          And defense counsel?

22              MR. LAZARUS:  Good afternoon, Your Honor,

23     Jeff Lazarus on behalf of Mr. Rogers who is sitting next to

24     me.

25              THE COURT:  Thank you.

1        You are Mr. Rogers?

2                THE DEFENDANT:  Yes.  Yes, Your Honor.

3                THE COURT:  All right.  Good afternoon.

4        Mr. Doroodian, are there any victims in this case and

5    if so, have notifications been made?

6                MR. DOROODIAN:  There are not victims in this

7    case.

8                THE COURT:  Thank you.

9        Mr. Lazarus, I understand that we are here today for a

10   change of plea hearing; is that correct?

11               MR. LAZARUS:  That's correct, Your Honor.

12               THE COURT:  Thank you.

13       Mr. Rogers, what that means is that we're going to go

14   through a series of questions and answers, you and I.  As

15   we're doing that, I am going to make sure -- I want to make

16   sure that you have time to talk to your attorney if you have

17   any questions at all.  So if I ask a question and you don't

18   understand or you're not sure how you want to answer, just

19   let me know and I'll make sure you have time to speak with

20   Mr. Lazarus.  Okay?

21               THE DEFENDANT:  Yes, Your Honor.

22               THE COURT:  All right.  Thank you.

23       Will the courtroom deputy please administrator the

24   oath?

25               COURTROOM DEPUTY:  Will you please stand and

1     raise your right hand?

2          Do you solemnly swear that your testimony here today

3     will be the truth, the whole truth, and nothing but the

4     truth, so help you God?

5                    THE DEFENDANT:  I do.

6                    COURTROOM DEPUTY:  Thank you.  You may be

7     seated.

8                    THE COURT:  All right.  Thank you.

9          So now that you are under oath I'm obligated to state

10    to you that as I ask you these questions that we've

11    referenced, if you don't give a truthful answer to a

12    question, you could be prosecuted in a separate proceeding

13    for making a false statement or lying under oath.  Okay?

14                   THE DEFENDANT:  Yes, Your Honor.

15                   THE COURT:  All right.  And I now need to be

16    sure that your decision today to change your pleas is both

17    knowing and voluntary so when I say I'm going to ask a lot

18    of questions, some of them are going to seem pretty simple,

19    but they're required, and I need to make sure that we make

20    an adequate record that your decision today is knowing and

21    voluntary.  So the questions aren't meant to be demeaning,

22    but they are questions I need to ask.  Okay?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  All right.  Can you please state

25    your full name for the record?

1          THE DEFENDANT:  Calvin Ramone Rogers.

2          THE COURT:  All right.  How old are you, sir?

3          THE DEFENDANT:  I'm 39.

4          THE COURT:  How far did you go in school?

5          THE DEFENDANT:  First year of college.

6          THE COURT:  So are you able to read and write

7    the English language?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Are you a citizen of the

10   United States?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Are you receiving care from any

13   medical provider?

14          THE DEFENDANT:  No, Your Honor.

15          THE COURT:  All right.  Are you being treated

16   for any addiction to drugs of any kind?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Are you presently under the

19   influence of alcohol or drugs of any kind?

20          THE DEFENDANT:  No, Your Honor.

21          THE COURT:  All right.  Have you received a

22   copy of the Indictment in this case?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  All right.  So you understand that

25   it charges -- it's a two-count Indictment charging in

1    Count 1 being a Felon in Possession of a Firearm, in

2    violation of Title 18 United States Code § 922(g)(1)?

3         Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  All right.  And the second count

6    is a violation of 922(g)(9), which is being a Felon in

7    Possession of a Firearm, well, and Ammunition, after having

8    been convicted of a misdemeanor domestic violence charge.

9         Do you understand that as well?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  All right.  Have you fully

12   discussed these charges and all of the facts surrounding

13   them with your attorney?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  And to date, have you been

16   satisfied with his advice and representation of you?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  All right.  So we're going to move

19   now to the basic constitutional rights that you're waiving

20   if you do, in fact, plead guilty here today.  Okay?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  All right.  The first is a right

23   to a Jury Trial.

24        Do you understand you have that right?

25             THE DEFENDANT:  Yes, Your Honor.

1            THE COURT:  Do you give up that right?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  You also have the right to have

4    your case tried to the Court, if the Court would approve it

5    and the government would agree.

6        Do you understand you have that right?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  And are you giving up that right?

9            THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  You also have the right to see,

11    hear from, confront, cross-examine -- cross-examine all of

12    the government's witnesses if this matter were to proceed to

13    trial.

14        Do you understand that you have that right?

15            THE DEFENDANT:  Yes, Your Honor.

16            THE COURT:  And are you giving up that right?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  You also have the right to

19    compulsory process, which is the right to subpoena witnesses

20    or subpoena documents to be presented to you and your

21    attorney to aid you in your defense.

22        Do you understand that you have that right?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  And are you giving up that right?

25            THE DEFENDANT:  Yes, Your Honor.

1           THE COURT:  You also have the right to testify

2    in your own defense should you want to.

3         Do you understand you have that right?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  And are you giving up that right?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  And sort of on the flip side of

8    that, you would have the right to not testify at all should

9    you choose, and no one could comment on it.

10        Do you understand you have that right?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  And are you giving up that right?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Okay.  And you also have the

15   right, if you were to proceed to trial, to be presumed

16   innocent, and it would be the government's burden to prove

17   every element of every offense beyond a reasonable doubt.

18        Do you understand that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  And are you giving up that right

21   as well?

22        (Attorney-client discussion).

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  All right.  And you also have the

25   right -- you have it now, and it continues throughout these

1   proceedings, to have an attorney appointed or retained.

2        Do you understand you have that right?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  All right.  And you maintain that

5   right.  You understand that as well.  Okay?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  All right.  So pleading guilty is

8   a complete admission of guilt.  If I find you guilty here

9   today, you will not proceed to a trial.

10       Do you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  All right.  Mr. Doroodian, did the

13  government extend any formal plea offers to the defendant?

14  You don't need to give me the details, just were formal plea

15  offers extended?

16             MR. DOROODIAN:  Yes, there was, Your Honor.

17             THE COURT:  All right.  And, Mr. Lazarus, did

18  you convey those plea offers to your client?

19             MR. LAZARUS:  Yes, I did, Your Honor, and he

20  rejected the Plea Agreement the government offered.

21             THE COURT:  Thank you.

22       All right.  So pleading here today, did anyone make

23  any promises or assurances to you to induce you or to

24  persuade you to change your pleas today?

25             THE DEFENDANT:  No, Your Honor.

1          THE COURT:  All right.  Did anyone force you

2     or threaten you in any way to come in and change your pleas

3     today?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  So are you pleading guilty of your

6     own free will?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  All right.  Mr. Doroodian, the

9     statutory maximum penalties for Counts 1 and 2, are they the

10    same?

11         MR. DOROODIAN:  Yes, Your Honor.

12         THE COURT:  All right.  Would you please state

13    those statutory maximum penalties?

14         MR. DOROODIAN:  Certainly, Your Honor.

15       The maximum penalty is up to 10 years in custody, a

16    fine of up to $250,000 followed by supervised release of up

17    to 3 years, and a $100 special assessment on each.

18         THE COURT:  On each count.  Thank you very

19    much.

20       With respect to the special assessment, that's a

21    mandatory term.  I cannot waive that.  The Court can never

22    waive that.  In your instance, it would be a $200 special

23    assessment because there's -- there would be two counts of

24    conviction.

25       Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And the Court may impose

3    restitution in this case.  It also has the authority to

4    order costs associated with probation, home confinement,

5    supervised release.

6        Do you understand that the Court has the right to

7    impose those costs?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Do you understand that you also --

10   you may be required -- I believe it's on the last page of

11   your Indictment -- forfeiture has been asserted.

12       Do you understand that you may be ordered to forfeit

13   any property that was used in the commission of this offense

14   or the proceeds of the offense?  Do you understand that?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  All right.  And if the Court

17   imposes a term of probation or supervised release and that

18   is violated, do you understand that the violation could

19   exceed the statutory maximum plus the original term of

20   imprisonment should one be imposed?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Okay.  So you understand that

23   violating probation or supervised release can sort of tack

24   on and add more time; correct?

25         THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  All right.  With respect to

2    sentencing -- because we will proceed directly to sentencing

3    if you plead guilty here today [sic] -- sentencing is within

4    the discretion of the trial court, and the trial court is

5    obligated to impose a term that is sufficient but not

6    greater than necessary to comport with the purposes of

7    what's called § 3553.  It's in the code, and you've likely

8    discussed it with your attorney.  To fashion a sentence that

9    is sufficient but not greater than necessary, the Court is

10   required to consider certain specific factors that are

11   listed in that section.  And I'll read them here for you

12   now:

13        The statutory penalty, the seriousness of the offense,

14   your personal history and characteristics, the need for

15   deterrence, protection of the public, rehabilitation,

16   disparity in sentences, and also the advisory sentencing

17   guideline calculations.

18        Do you understand that those are the factors the Court

19   would be considering in trying to impose a sentence that is

20   sufficient but not greater than necessary?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  And with respect to the

23   guidelines, it's important to note that they are just that,

24   they're advisory, that the Court is not bound by them.  The

25   Court is obligated to calculate what the guidelines would

1    be, but the Court has the right to go above that range or go

2    below it.

3          Do you understand that?

4                     THE DEFENDANT:  Yes, Your Honor.

5                     THE COURT:  And have you and your attorney

6    talked about what your guideline calculation may be in this

7    case?

8                     THE DEFENDANT:  Yes, Your Honor.

9                     THE COURT:  All right.  But do you understand

10   that the Court is not in a position to make that decision

11   until after its had a chance to review what's called a

12   Pre-Sentence Report?  Do you understand that?

13                    THE DEFENDANT:  Yes, Your Honor.

14                    THE COURT:  So because that calculation won't

15   happen until sentencing I just want to be clear that you

16   understand that what the Pre-Sentence Report states is a

17   proper calculation may be different than what your attorney

18   is predicting.

19          Do you understand that?

20                    THE DEFENDANT:  Yes, Your Honor.

21                    THE COURT:   Thank you.

22          The elements of the offense.  I'd like to make sure

23   these are on the record as well.

24          Mr. Doroodian, will you please state the elements of

25   the offenses in this case?

1           MR. DOROODIAN:  Your Honor, this offense has

2    four elements.  The first one is that the defendant was

3    convicted of a crime punishable by imprisonment of more than

4    a year; second is following that conviction, he knowingly

5    possessed a firearm and/or ammunition; the third is at the

6    time of the offense, he knew he had been previously

7    convicted of a crime punishable by imprisonment of more than

8    a year; and the fourth is that the firearm and/or ammunition

9    crossed state lines prior to the defendant's possession.

10           THE COURT:  Thank you.

11      All right.  Do you understand that the government

12   would have to prove all of those elements, the only

13   variation being the one for the misdemeanor crime of

14   domestic violence, that that would be the prior conviction

15   versus the felonies, but do you understand that the

16   government would have to prove all of those elements beyond

17   a reasonable doubt?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Mr. Doroodian, at this time would

20   you also present for the Court the factual basis for this

21   guilty plea?

22           MR. DOROODIAN:  Your Honor, if this case were

23   to proceed to trial, the United States would be able to

24   prove beyond a reasonable doubt that on October 24th, 2021,

25   in the City of Ravenna, in Portage County, which is in the

1    Northern District of Ohio, Eastern Division, the

2    Sheriff's Office conducted a traffic stop of an Audi A4 for

3    window tint violation.  That Audi A4 did not stop after

4    officers activated their lights and instead drove through a

5    neighborhood to a driveway where it did finally stop.

6         Once it did stop, the driver, identified as the

7    defendant, Calvin Rogers, immediately exited the vehicle and

8    was intercepted by officers.  The officers then observed

9    Mr. Rogers as being overly nervous and they also observed a

10   front passenger with no seat belt, who was identified as

11   Shawn Lumpkin, who had a suspended license.  Mr. Rogers also

12   had a suspended license as well.  When they walked around

13   the vehicle, they also observed loose marijuana present in

14   plain view in the vehicle and that led them to conducting an

15   air -- free air sniff walk-around with a K9 which revealed

16   the presence of narcotics in the vehicle.

17        Once both passengers were removed and detained, a

18   probable cause search of the vehicle was conducted.  When

19   they went through that vehicle, they found a locked glove

20   box.  Mr. Rogers had the key to that glove box.  Once it was

21   opened, there was a gun case and a firearm in that gun case.

22   It was a Smith & Wesson, model M&P 2.0 9mm semiautomatic

23   pistol, bearing serial number NKP7155, and it was loaded

24   with 15 rounds of 9mm ammunition.  One round was not in the

25   chamber at the time.

1       Mr. Rogers denied the firearm -- knowing the firearm

2   was in the vehicle, but did also state without being

3   provoked that one round was not in the chamber.

4       After that, a DNA test -- a consensual DNA swab was

5   conducted and that was compared to the DNA found on the grip

6   of the firearm, and it was found to be a match by a

7   probability of 1 in 30 billion.

8       At the time of Mr. Rogers' arrest he was prohibited

9   from possessing firearms and ammunition due to his prior

10  felony convictions and, Your Honor, the United States does

11  intend, upon sentencing, to dismiss Count 2, understanding

12  that he is pleading to both counts.  I'm just concerned

13  about a multiplicity with him being -- you know, pleading to

14  two acts -- or two counts for the exact same act, so I will

15  just give you the facts specific to Count 1 and assuming

16  that we proceed to sentencing, I would move to dismiss

17  Count 2.

18              THE COURT:  We will do the facts for Count 2

19  as well.  If he's going to plead to Count 2, I need to have

20  a proper basis for it.  If the government's not moving to

21  dismiss today --

22              MR. DOROODIAN:  No, it is not, Your Honor, you

23  are correct.  Thank you.  I just wanted to clarify that.

24              THE COURT:  Yeah.  Thank you, sir.

25              MR. DOROODIAN:  So, as I was saying, that he

1   is prohibited from possessing a firearm and ammunition based

2   on his prior felony convictions and his prior misdemeanor

3   convictions of domestic violence.  Specifically, as to the

4   felony convictions, he is convicted of Attempted Kidnapping

5   with a firearm specification on or about January 23rd, 2006,

6   in Case Number CR-05-470034-A, in Cuyahoga County Court of

7   Common Pleas; another conviction was Burglary and two counts

8   of Domestic Violence, all felony convictions, on or about

9   October 6th, 2011, in Case Number 2011CR00249 and

10   2011CR00412, in Portage County Court of Common Pleas, and

11   then a separate felony conviction of Domestic Violence on or

12   about February 10th, 2012, in Case Number 2011CR00738, in

13   Portage County Court of Common Pleas.

14       Now, Mr. Rogers was aware of those felony convictions

15   and also aware that he was prohibited from possessing a

16   firearm.

17       In addition to those felony convictions, he had been

18   previously convicted of numerous Domestic Violence

19   misdemeanors:  First one on January 23rd, 2006, in Case

20   Number CR-05-470034-A, in Cuyahoga County Court of Common

21   Pleas, and another one on or about October -- sorry --

22   August 13th, 2010, in Case Number 2010CRB02159R, in

23   Portage County Municipal Court.  Now, these -- as I stated,

24   these do prohibit him from possessing a firearm.  He was

25   convicted of those offenses.

1        And, finally, the firearm that is in question was

2    manufactured outside the State of Ohio and therefore did

3    cross state lines before it reached his possession.

4                    THE COURT:  Thank you, Mr. Doroodian.

5        And just to be clear, because you have stated on the

6    record that it is your plan to move for dismissal at the

7    time of sentencing, I just want to be clear that I now view

8    that as a representation to the defendant that I will hold

9    the government to.  Is that understood?

10                    MR. DOROODIAN:  Yes, Your Honor.

11                    THE COURT:  Thank you.

12        Mr. Rogers, do you understand that the government will

13    be moving to dismiss Count 2 at the time of sentencing?

14                    THE DEFENDANT:  Yes, Your Honor.

15                    THE COURT:  Okay.  And with respect to the

16    factual basis that Mr. Doroodian so carefully placed on the

17    record, do you agree that those facts are true and accurate

18    and could be established beyond a reasonable doubt should

19    this matter proceed to trial?

20                    THE DEFENDANT:  I don't think -- them facts

21    aren't right.

22                    THE COURT:  You have some variations.

23    Understood.

24                    MR. LAZARUS:  One minute.

25                    THE COURT:  Absolutely.  Absolutely.

1    (Attorney-client discussion).

2             MR. LAZARUS:  Your Honor, my client would like

3    the Court to know that he agrees with the government's

4    factual basis with one exception, that while the officers

5    say that they found loose marijuana in the center console of

6    the car, my client says there was no marijuana in the car.

7             THE COURT:  Okay.  That's duly noted, sir, and

8    I appreciate the clarification.

9        Do we all agree, Mr. Lazarus, and Mr. Doroodian, that

10   that factual correction does not, though, affect the

11   elements of the charges to which Mr. Rogers is pleading

12   guilty here today?

13       Mr. Doroodian?

14             MR. DOROODIAN:  I agree, Your Honor.

15             THE COURT:  Mr. Lazarus?

16             MR. LAZARUS:  Yes, Your Honor.

17             THE COURT:  Okay.  But thank you for the

18   correction.

19       You have -- or do you understand that you have -- you

20   have rights in limited circumstances to appeal the

21   conviction or sentence in this case and to assert any

22   challenges you may have collaterally through a

23   post-conviction proceeding.

24       Do you understand that you have those limited

25   appellate rights?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  Mr. Lazarus, is there

3     anything that you would like to add or anything I've

4     forgotten to cover at this time?

5          MR. LAZARUS:  No, Your Honor.  We think you've

6     covered everything under Rule 11.

7          THE COURT:  All right.  Thank you very much.

8        Mr. Doroodian?

9          MR. DOROODIAN:  Your Honor, I believe you've

10    covered everything.  There is one caveat that I do want to

11    place on the record.  In discussions with Mr. Lazarus, I

12    conveyed to him my concern that his client is going to

13    qualify as an Armed Career Criminal and that was discussed,

14    whether or not that applicability would apply.  He relayed

15    to me that he went through it thoroughly with his client.

16    If he is, in fact, an Armed Career Criminal, I believe he

17    understands that he could be subject to a 15-year mandatory

18    minimum.

19          THE COURT:  Thank you very much.

20      Mr. Lazarus, is that correct, have you had an

21    opportunity to discuss that possibility with your client?

22          MR. LAZARUS:  Yes.  Mr. Doroodian did say that

23    to me and I did discuss that possibility with my client, but

24    we would just like the Court to note that we believe he does

25    not qualify as an Armed Career Criminal.

1                THE COURT:  Understood.  And, frankly, the

2       Court won't know until it sees the recommendation from the

3       Probation Office after it conducts that Pre-Sentence Report,

4       but if that were to apply, it would not be a basis to

5       withdraw your plea.

6            Do you understand that?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  All right.  So do you --

9       Mr. Rogers, do you need any additional time to speak with

10      your attorney before I formally take your plea?

11               THE DEFENDANT:  No, Your Honor.

12               THE COURT:  And are you prepared to

13      voluntarily change your plea knowing and understanding the

14      rights you're giving up and the consequences of that plea?

15               THE DEFENDANT:  Yes, Your Honor.

16               THE COURT:  With that, how do you plead to the

17      charge laid out in Count 1 of the Indictment?

18               THE DEFENDANT:  I plead guilty, Your Honor.

19               THE COURT:  And how do you plead with respect

20      to Count 2 of the Indictment?

21               THE DEFENDANT:  I plead guilty, Your Honor.

22               THE COURT:  All right.  It is the finding of

23      this Court that Mr. Rogers is fully competent and capable of

24      entering an informed plea; that he is aware of the nature of

25      the charges and the consequences of the plea; and that his

1  plea of guilty -- pleas of guilty are knowing and voluntary

2  and supported by an independent basis in fact containing

3  each of the essential elements of the offense. So, I -- the

4  plea is therefore adjudged accepted. The defendant is now

5  adjudged guilty of the offenses.

6       So, Mr. Rogers, we've talked about this at various

7  times, but now is when I want to discuss more thoroughly

8  what's going to happen next.

9       So there will be a Pre-Sentence Report prepared. That

10  begins first with the pre-sentence investigation. So the

11  Probation Department's going to reach out to you through

12  your counsel and interview you and obtain information in the

13  preparation of that report. Okay?

14              THE DEFENDANT: Yes, Your Honor.

15              THE COURT: You can have your attorney with

16  you when you speak to Probation should you wish it.

17       You and your counsel will have an opportunity to see

18  the report after it's prepared. There's sort of a draft and

19  then there's a final after the draft is prepared that's

20  provided to you and your attorney. It's provided to the

21  government, too. But you and your attorney will have an

22  opportunity to review that and to state any objections that

23  you have.

24       Do you understand?

25              THE DEFENDANT: Yes, Your Honor.

1                    THE COURT:  All right.  And the government

2    will have the same opportunity as well.  Okay?

3                    THE DEFENDANT:  Yes, Your Honor.

4                    THE COURT:  And then at sentencing, you and

5    your attorney will have the opportunity to address the Court

6    directly about what you believe an appropriate sentence

7    would be.  Okay?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  And the government will also have

10   that same opportunity.

11        So the defendant is hereby referred to the

12   Probation Department for the preparation of a Pre-Sentence

13   Investigation Report.

14        Do we -- we have a sentencing date that I think is

15   acceptable to everybody, that being Wednesday, December 7th,

16   at 10:00 a.m.

17        Is that acceptable to the government?

18                    MR. DOROODIAN:  Yes, Your Honor.

19                    THE COURT:  All right.  And, Mr. Lazarus, does

20   that work for you as well?

21                    MR. LAZARUS:  Yes, Your Honor.  Thank you.

22                    THE COURT:  Thank you.

23        All right.  With that, the defendant will remain

24   detained pending sentencing, and this court is adjourned.

25   Thank you.

1               COURTROOM DEPUTY:  All rise.

2       (Proceedings adjourned at 1:25 p.m.)

3

4                **C E R T I F I C A T E**

5       I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter

6  prepared from my stenotype notes.

7          */s/ Heather K. Newman*          *2-17-2023*

             HEATHER K. NEWMAN, RMR, CRR       DATE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25